David C. Wakefield, Esq.   Bar #: 185736
Law Offices of David C. Wakefield
10620 Treena Street, Suite 230
San Diego, CA 92131
Telephone:  619.241.7112; Facsimile:  619.342.7755
E-mail:    dcw@DMWakeLaw.com
           dcwlawoffice@gmail.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT MCCARTHY,<br><br>Plaintiff,<br><br>v.<br><br>ANISH HOSPITALITY, LLC; SHEETAL PATEL, Manager, BEST WESTERN PLUS; AND DOES 1 THROUGH 10, Inclusive<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**<br>**[42 U.S. C. §12182(a) ET. SEQ; CA CIVIL CODE 51, 52, 54, 54.1, 54.3]**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Plaintiff ROBERT MCCARTHY herein complains, by filing this Civil Complaint in accordance with rules of Civil Procedure within this court that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities. Therefore, Plaintiff makes the following allegations in this civil rights action:

2. The property that is the subject of this action is located in Los Angeles

1

COMPLAINT
CASE #

County.

3. The federal jurisdiction of this action is based on 42 U.S.C. 12101 Et. seq. Venue in the Judicial District of the United States District Court of the Central District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiff's claims arose within the Judicial District of the United States District Court of the Central District of California.

### SUPPLEMENTAL JURISDICTION

4. The Judicial District of the United States District Court of the Central District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a). The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' goods, and/or services in violation of both federal and state laws when he attempted to enter, use, and/or exit Defendants' services as described within paragraphs 9 through 17 of this Complaint. Further, due to this denial of full and equal access, Plaintiff and other individuals with disabilities were injured. Based upon said allegations, the California causes of actions, as stated herein, are so related to the Federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

### NAMED DEFENDANTS AND NAMED PLAINTIFF

5. Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges

that Defendants ANISH HOSPITALITY, LLC; SHEETAL PATEL, Manager, BEST WESTERN PLUS are the operators of the business known as Best Western Plus Route 66 Glendora Inn located at 625 E Rte 66, Glendora, CA 91740.  Plaintiff is informed and believes and thereon alleges that Defendants ANISH HOSPITALITY, LLC; SHEETAL PATEL, Manager, BEST WESTERN PLUS are the owners, operators, and/or lessors of the real property located at 625 E Rte 66, Glendora, CA 91740.

6.     The words Plaintiffs and Plaintiff as used herein specifically include ROBERT MCCARTHY.

7.     Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, and/or agents of ANISH HOSPITALITY, LLC; SHEETAL PATEL, Manager, BEST WESTERN PLUS. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

8.     Plaintiff is informed and believes and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

9.     Plaintiff ROBERT MCCARTHY ("MCCARTHY") has physical impairments and due to these impairments he has learned to successfully operate a wheelchair for

mobility. Plaintiff McCarthy is a post-polio person since he was approximately three years old.  Plaintiff MCCARTHY said physical impairments substantially limit one or more of the following major life activities including but not limited to: walking. Plaintiff MCCARTHY is unable to walk any distance.  Plaintiff McCarthy also suffers limited range of motion in his upper body and arms as a result of his polio symptoms; and is also limited in his ability to tightly grasp objects.

10.     In April 2016, Plaintiff MCCARTHY went to Defendants' public accommodation facilities known as Best Western Plus Route 66 Glendora Inn located at 625 E Rte 66, Glendora, CA 91740, to utilize their goods and/or services. When Plaintiff MCCARTHY patronized Defendants' facilities, he was denied equal access to and had difficulty using the public accommodations' facilities since Defendants' facilities failed to comply with Americans With Disabilities Act Accessibility Guidelines ("ADAAG", codified at 28 CFR Part 36, Appendix A), and California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities. Plaintiff MCCARTHY personally experienced difficulty with said barriers to equal access that relate to his disabilities at Defendants' facilities. The examples listed below of known barriers to equal access are not an exhaustive list of the barriers to equal access that relate to his disabilities that exist at Defendants' facilities.

11.     For example, the access barriers personally experienced by Plaintiff that relate to his disabilities include the following: This Best Western had 40 guest rooms.  The sole accessible room had one king size bed, although the inn offered rooms with 2 beds for able-bodied guests.  Consequently Plaintiff had to pay $129.00 extra to get a separate room for his companion, who has a significant neurological disability.  Plaintiff lodged at this inn with his companion and experienced difficulties.  At the vehicular entrance, there was a tow-away signage facing into the

parking lot. The parking spaces spanned the front of the building. Near the lobby door, there was no designated accessible drop off area for registration or unloading. The existing accessible parking space was at the far end of the parking spaces. It had no $250 minimum fine signage or a van accessible sign. Moreover, the registration counter had a lowered section. However, Plaintiff was forced to use the 48 inches high section, where he had difficulty exchanging documents and paperwork. The lowered section was filled with bananas and wine. Further, Plaintiff was given room 205. The corridor door was quick closing in 5 seconds. The security latch was 60 inches high. The thumb turn was small. In the bathroom, there was no grab rail at the head of the tub. There was no vertical mounting bracket. The top of the diagonal mounting bracket was 75 inches high. To direct the water from the spigot to the fixed showerhead, there was a small, round, metal mechanism on the spigot, which would be difficult to grasp and pull. There was a black push-button on fixed showerhead, which was 79 inches high, used to divert water to the handheld spray unit. The faucet control was far from the edge of the tub and would have required the Plaintiff to lean forward and to the side at an awkward and unsafe angle. Moreover, Plaintiff had to enter the bed from the foot-end of the bed. It was 28 ½ inches from the bed to the left wall. It was 28 inches wide from the bed to the couch and table. Plaintiff had difficulty lifting himself up onto the bed because the bed was 28 ½ inches high from the floor. The bed had 3½ inches thick "mattress-pillow". In the closet, the clothes rod was 57 inches high. The shelf and iron were 59 ½ inches high. The window latch was 57 ½ inches high and across the HVAC unit. The bottom tip of the curtain-closing rod was 49 ¾ inches high.

12. Plaintiff can prove these barriers exist since Plaintiff confirmed the access barriers at Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access.

First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG and Title 24 of the California Building Code as to accessible features was intentional.

13. Second, due to the abundance of disability rights information and constant news coverage of disability discrimination lawsuits, Defendants had actual knowledge of the state disability laws and ADAAG access requirements and decided deliberately not to remove architectural barriers. Plaintiff alleges any alternative methods preclude integration of wheelchair patrons, as it requires them to use second-class facilities. Also, expert testimony will show the facility contained inaccessible features.

14. Plaintiff MCCARTHY intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff MCCARTHY is presently deterred from returning due to his knowledge of the barriers to equal access that exist at Defendants' facilities that relate to his disabilities. Plaintiff McCarthy can satisfy the prudential standing rules for a case or controversy pursuant to Article 3 of the United States Constitution. Plaintiff McCarthy actually, personally suffered the prohibited access problems at the subject property. McCarthy travels frequently and extensively throughout California to visit his family and friends. Mr. McCarthy has a close connection with most locations within California and he can demonstrate it with respect to the subject property. Plaintiff McCarthy has particularized plans to return to Defendants facilities and property. While Plaintiff McCarthy has actual personal standing in the present matter; as an alternative, second and separate basis for standing, Plaintiff McCarthy urges this Court to adopt the Federal 11 Circuit Court's *Houston* holding – [We hold that Plaintiff Houston's tester motive behind his visits to the Presidente Supermarket does not foreclose standing for his claim under 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 12188(a)(1) of Title III. By the same

token, we conclude that "bona fide patron" status is a not a prerequisite for Houston to obtain standing for a lawsuit under these statutory provisions. Stated differently, the alleged violations of Houston's statutory rights under Title III may constitute an injury-in-fact, even though he is a mere tester of ADA compliance"]. *Houston v. Marod Supermarkets, Inc.*, 733 F. 3d 1323 (11th Cir. 2013). Plaintiff McCarthy is a long time advocate of disability rights. Therefore, McCarthy wants to make sure that all public accommodation places are accessible. Furthermore, Mr. McCarthy worked all his life and he wants to enjoy Defendants' facilities without experiencing prohibited restrictions and discrimination.

15. Pursuant to state law and federal ADAAG access requirements, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their access barrier removal duties under the state disability laws. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers to access.

16. Plaintiff is informed, believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff MCCARTHY but are related to his disability that would preclude or limit equal access by MCCARTHY, potentially including but not limited to violations of the ADAAG and Title 24 of the California Building Code.

17. Based on these facts, Plaintiff alleges he was discriminated against each time he patronized Defendants' facilities.

## NOTICE

18. Plaintiff is not required to provide notice to the defendants prior to filing a complaint. <u>Skaff v Meridien N. Am. Beverly Hills, LLC</u>, 506 F.3d 832 (9th Cir. 2007), see also, <u>Botosan v. Paul McNally Realty</u>, 216 F.3d 827, 832 (9th Cir 2000).

# WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT

19. ANISH HOSPITALITY, LLC; SHEETAL PATEL, Manager, BEST WESTERN PLUS; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

20. Plaintiff aver that the Defendants are liable for the following claims as alleged below:

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I: **Denial of Participation**

21. ADA states, "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." Defendants violated the said provision because Plaintiff could participate it their web advertising accommodations because said advertising failed to delineate what features of the property are physically accessible and what services are accessible. Services include alternative methods of access other than removing physical barriers. Plaintiff asked a relative to go on the web to see if Defendants' facility was accessible.

CLAIM II: **Participation in Unequal Benefit**

22. ADA states, "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the

8

COMPLAINT
CASE #

opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. Defendants offer benefits to web users without disabilities that attract them to go to their place of accommodation. However, defendants do not offer web users with disabilities any benefits that will help them decide to go to the place of accommodation. For example, providing physical access and service access is a very important benefit for people with disabilities. Even if the facilities are not completely physically accessible, the person with a disability may decide to go to the place if they provide great service access. There is no way for a person with a disability to determine if the place offers service access without the person going their to find out that they cannot access the facility and there is no service access.

CLAIM III: **Separate Benefit**

23.     ADA states "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others." Defendants provide a separate benefit to people with disability by forcing to go to their place of accommodation to determine if they are physically accessible and to determine if they are service accessible. Web users without disabilities do not need to consider if they can access the place of accommodation when they look at the web advertising.  All they need to consider is if they want to go to the place by looking at the advertising but web users with disabilities must consider if the place is

accessible by looking at the web advertising or they need to go there to discover that the place is not accessible. Plaintiff asked a relative to go on the web to see if Defendants' facility was accessible.

CLAIM IV: **Integrated Settings**

24. ADA states, "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual." Plaintiff alleges by failing to offer the alternative methods to physical access, the defendants failed to offer the goods or the services in the most integrated selling. For example, defendants knew that the place of accommodation was not physically accessible but it failed to provide notice on the Internet or in the parking lot to allow people with disabilities to decide if they wanted to use the place by accepting the alternative methods.

CLAIM V: **Administrative Methods**

25. ADA states, "An individual or entity shall not, directly or through contractual or other arrangements, utilize standards or criteria or methods of administration—(i) that have the effect of discriminating on the basis of disability; or (ii) that perpetuate the discrimination of others who are subject to common administrative control." Defendants decided to open a business and invite the public for profit. Thus, Defendants agreed to comply with all federal and states laws related to their business. Defendants retained agents and/or employees for business administration including Civil Rights compliance. Thus, Defendants had administrative control over service access compliance. It is alleged that Defendants' services including alternative methods, auxiliary aids, business services and Internet presence violate

COMPLAINT
CASE #

said section because Defendants failed to exercise control over their agents or employees as to ADA compliance.

CLAIM VI: **Screen Out**

26. ADA states, "...the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;..." The ADA was passed in 1990. It is alleged that one form of eliminating ADA discrimination is by removing architectural barriers if readily achievable. This claim relates to services even if some barriers cannot be removed or do not relate to physical barriers. Defendants failed to maintain policies to ensure their goods and services are fully accessible. This failure screens out people with disabilities.

CLAIM VII: **Auxiliary Aids**

27. ADA states, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;..." Plaintiff decided it would be a futile gesture to make an auxiliary aid request because Defendants completely failed to comply with the ADA based upon going to the place and going on the web to verify access to goods and services notwithstanding that

Defendants failed to remove architectural barriers. This claim is alleging that even if Defendants do not remove architectural barriers, Defendants can offer auxiliary aids to provide access to the goods and services. Defendants failed to offer any auxiliary aids.

CLAIM VIII: **Communication Barriers**

28. ADA states, "a failure to remove…, and communication barriers that are structural in nature, in existing facilities, and where such removal is readily achievable." At Defendants' business there are communication barriers outside and inside the business. Also, on the Internet there are communication barriers. Plaintiff has difficulty with his sight. Therefore, Plaintiff needs structural communication to be able to access Defendants property.

CLAIM IX AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

29. Based on the facts plead at ¶¶ 9 - 17 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a). Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

30. Plaintiff ROBERT MCCARTHY has physical impairments as alleged in ¶ 9 above because his conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff ROBERT MCCARTHY's said physical impairments substantially limits

one or more of the following major life activities: walking, and limited range of motion in arms and hands. In addition, Plaintiff ROBERT MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff ROBERT MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

### CLAIM X AGAINST ALL DEFENDANTS: Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities

31. Based on the facts plead at ¶¶ 9 - 17 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

32. Additionally, Plaintiff is informed, believes and hereon alleges on information and belief, that the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner such that the facilities are readily accessible to the maximum extent feasible, and are usable by individuals with disabilities pursuant to 42 U.S.C. §12183(a)(2), including any of the following that may be applicable, i.e. the path of travel to the altered area, and the bathrooms, telephones, and drinking fountains serving the altered area.

33. Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

34. Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

CLAIM XI AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

35. Based on the facts plead at ¶¶ 9 - 17 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the following physical elements of Defendants' facilities including but not limited to the disabled parking, exterior path of travel, and restroom facilities, as said facilities were not accessible because they failed to comply with the Federal ADA Accessibility Guidelines ("ADAAG") and California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities. Title III of the ADA requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known

association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants' existing facilities.

CLAIM XII AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

36. Based on the facts plead at ¶¶ 9 - 17 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Defendants have known or should have known that Defendants had a duty to repair and maintain their property including accessible features since 1990. Defendants have failed to do so in the past up to and including the present. Plaintiff is also seeking an order requiring the Defendants to have a continuing duty of refurbishing the access features once each year. In the present matter, Defendants failed to have a plan to maintain any potential accessible features in a usable condition. Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

37. Based on the facts plead at ¶¶ 9 - 17 above, Claims I, II, III and IV of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is

capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

38. WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

39. Based on the facts plead at ¶¶ 9 - 17 above and elsewhere in this complaint, Plaintiff MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54, 54.1, and specifically 54.1(d). Defendants' facility violated state disability access laws, the ADAAG (codified at 28 CFR Part 36, Appendix A), and California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities to persons with disabilities.

40. Defendants denied Plaintiff MCCARTHY full and equal access to Defendants' facility. Thus, Plaintiff MCCARTHY was subjected to discrimination pursuant to Civil Code §§ 54, 54.1, and 54.3 because Plaintiff MCCARTHY was denied full, equal and safe access to Defendants' facility.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

41. Based on the facts plead at ¶¶ 9 - 17 above and elsewhere herein this

complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Additionally, Defendants failed to have a plan to maintain any potential accessible features in a usable condition. Thus, Plaintiff MCCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

42.     Based on the facts plead at ¶¶ 9 - 17 above and elsewhere herein this complaint and because Defendants violated the CA Civil Code § 51 by specifically failing to comply with Civil Code §51(f). Defendants' facility violated state disability laws, the ADAAG (codified at 28 CFR Part 36, Appendix A), and California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities. Defendants did and continue to discriminate against Plaintiff in violation of Civil Code §§ 51(f), and 52.

43.     Based on the facts plead at ¶¶ 9 - 17 above, Claims I, II, and III of Plaintiffs' First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a state public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of

individuals with disabilities.

44. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

### Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

45. Defendants, each of them respectively, at times prior to and including the day Plaintiff patronized Defendants' facilities, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public accommodation facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff. Defendants, and each of them, have failed and refused to take action to grant full and equal access to Plaintiff in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the ADAAG and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants in conscious disregard of the rights and/or safety of Plaintiff justify an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code. The California Supreme Court has stated: "…the statute provides for damages aside from any actual damages incurred by the plaintiff. 'This sum is unquestionably a penalty which the law imposes, and which it directs shall be paid to the complaining party. ... [But], while the law has seen fit to declare that it shall be paid to the complaining party, it might as well have directed that it be paid into the common-school fund. The imposition is in its nature penal, having regard only to the

fact that the law has been violated and its majesty outraged'." *Koire v Metro Car Wash (1985) 40 Cal.3d 24, 33-34* [citing its decision in *Orloff v. Los Angeles Turf Club (1947) 30 Cal.2d 110, 115*].

46. Defendants, and each of their actions have also been oppressive to persons with physical disabilities including Plaintiff and have evidenced actual or implied malicious intent toward Plaintiff who has been denied the proper access to which he is entitled by law. Further, Defendants and each of their refusals or omissions to correct these problems evidence disregard for the rights of Plaintiff.

47. Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a).

48. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A. For injunctive relief related to communication barriers, to access to services and to auxiliary aids;

B. For actual damages pursuant to Cal. Civil Code §§ 52 or 54.3;

C. For $4,000 in minimum statutory damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, pursuant to Munson v. Del Taco, (June 2009) *46 Cal. 4th 661*;

D. In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in minimum statutory damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1;

E. For injunctive relief pursuant to 42 U.S.C. § 12188(a). Plaintiff requests this Court enjoin Defendants to remove all architectural and communication barriers in, at, or on their facilities including without limitation violations of 42 U.S.C. § 12188(a). Plaintiff does not seek injunctive relief pursuant to Cal. Civil Code §55 and Plaintiff does not seek attorneys' fees pursuant to Cal. Civil Code §55. Plaintiff does not seek any relief pursuant to Cal. Civil Code §55 at all.

19

COMPLAINT
CASE #

F.  For attorneys' fees pursuant to 42 U.S.C. § 12205 and Cal. Civil Code §§ 52, 54.3;

G.  For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

H.  A Jury Trial and;

I.  For such other further relief as the court deems proper.

Respectfully submitted:

Dated: July 1, 2016

LAW OFFICES OF DAVID C. WAKEFIELD

By:  /s/David C. Wakefield
DAVID C. WAKEFIELD, ESQ
Attorney for Plaintiff